ALFORD, Judge.
Defendant, Dwayne A. Baham, was charged by bill of information with theft of property valued over five hundred dollars, a violation of La.R.S. 14:67. He pled not guilty and was tried by a jury, which found him guilty as charged. The trial court subsequently sentenced defendant to three years at hard labor. Defendant appeals his conviction and sentence, urging three assignments of error, as follows:
1. There is insufficient evidence to support the conviction.
2. The trial court committed reversible error in denying the defense’s motion for post verdict judgment of acquittal.
3. The trial court committed reversible error in sentencing the defendant.
FACTS
Sometime between the evening of Thursday, August 8, 1985, and the morning of Friday, August 9, 1985, a bank deposit bag containing petty cash, as well as the day’s cash receipts and checks, was stolen from the Commercial Discount Loan Company in Covington, Louisiana. The total of the cash and checks was allegedly over five hundred dollars.
Joan Baham was working as a receptionist at Commercial Discount on August 8. Her cousin, the defendant, picked her up from work at 5:00 p.m. because he had borrowed her car that day. Defendant waited for her inside while she put the bank deposit bags in the office’s fireproof safe. She pushed in the button to lock the safe. The key to unlock the safe was normally kept in another, unlocked drawer on a key ring with two other keys. While inside the office, defendant went to the bathroom, which is located behind the counter. After locking the safe, Ms. Baham and defendant left the office. She locked the front door with one key and activated the alarm system with another key. These keys were kept on a key ring with her car keys.
Ms. Baham and defendant then went shopping, after which he dropped her off at her boyfriend’s house. Defendant borrowed her car again to visit his wife. He returned in about thirty minutes and told Ms. Baham that he thought he left his wallet in the bathroom at Commercial Discount.
When they got to the office, the alarm system was unlocked, although Ms. Baham had locked it when she left at 5:00 p.m. She and defendant entered the building and searched for his wallet but were unable to find it. Ms. Baham locked the door and again activated the alarm system. Defendant then found his wallet under the front seat of the car.
Defendant brought Ms. Baham back to her boyfriend’s house and used her car again. He returned later, picked her up and drove her home between 9:00 and 10:00 p.m. Defendant returned the keys to her and left.
The next morning, Lee Ann Guillott, a co-employee of Ms. Baham, was the first to arrive at Commercial Discount. When she went to open the safe, she noticed that the key was not in its normal place and the safe was already unlocked. Shortly thereafter, it was discovered that the previous day’s receipts were missing. A gold bank bag containing petty cash was also determined to be missing.
Sergeant Robert Blount with the Coving-ton Police Department was not called to investigate the alleged theft until Monday, August 12, 1985. He interviewed Joan Ba-ham, whose account of what happened basically corresponded to her trial testimony. Sergeant Blount did not attempt to lift any fingerprints from the scene because too much time had elapsed. He testified that the thief had a key to the front door and the alarm system, as there were no signs of forced entry and the alarm had been turned off. None of the stolen checks were ever negotiated, and the police never recovered any physical evidence in the case.
Ms. Baham testified that she no longer worked at Commercial Discount. She was fired in March of 1986 because she was arrested for taking funds from the company. At the time of the trial, the District Attorney had charges pending against her.
*797 Ms. Guillott stated that, on August 8, the people who had access to keys to both the door and the alarm system were Mr. Boehm (the owner), Miss Jessie (his wife), Ms. Baham and herself. James Duffield, the owner’s stepson and an employee of Commercial Discount, testified that he also had access to keys. He further stated that it was not difficult to operate the alarm system. Mr. Boehm advised that the cleaning company had a set of keys and that he did not know if more than one person with the cleaning service had use of the keys. He stated that he stopped using the service after the theft. Sergeant Blount testified that he investigated the individuals who were engaged by the cleaning company who had keys, but that his investigation revealed nothing. He also interviewed and then arrested the defendant.
The only witness who testified at trial on behalf of defendant was his wife, Wentha Baham. She stated that she saw defendant at approximately 7:30 p.m. on August 8 in his cousin’s car. She saw him again later that evening, at approximately 9:30 p.m., walking with some friends. She further stated that she would know if defendant had any large sums of money “because he usually flashes it.”
SUFFICIENCY OF EVIDENCE
In assignment of error number one, defendant contends there is insufficient evidence to support the conviction. By assignment of error number two, defendant urges that the trial court erred in denying his motion for post-verdict judgment of acquittal. We will consider these assignments together for the purposes of this opinion since they both relate to the issue of sufficiency of the evidence.
In reviewing the sufficiency of the evidence to support a conviction, an appellate court in Louisiana is controlled by the standard enunciated by the United States Supreme Court in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). That standard, which was adopted by the Legislature in enacting La.Code Cr.P. Art. 821 pertaining to post-verdict motions for acquittal based on insufficiency of evidence, is that the appellate court must determine that the evidence, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime had been proved beyond a reasonable doubt. State v. Captville, 448 So.2d 676 (La.1984).
When circumstantial evidence is used to prove the commission of the offense, La.R.S. 15:438 mandates that, “assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence.” This statutory test is not a purely separate one from the Jackson constitutional sufficiency standard. Ultimately, all evidence, both direct and circumstantial, must be sufficient under Jackson to satisfy a rational juror that the defendant is guilty beyond a reasonable doubt. Due process requires no greater burden. State v. Rosiere, 488 So.2d 965 (La.1986).
To obtain a conviction for felony theft in this case, the state must prove the misappropriation or taking of anything with a value of five hundred dollars or more, belonging to another, without the consent of the other to the misappropriation or taking, with the intent to permanently deprive the other of the thing taken. La.R.S. 14:67. Thus, the state must prove beyond a reasonable doubt that defendant misappropriated or took $500.00 or more from Commercial Discount Loan Company without consent and with the intent to permanently deprive the company of the money.
The state presented evidence to show defendant was inside Commercial Discount twice on May 8, 1985. He was there at 5:00 p.m. when he picked up Ms. Baham from work. He returned later that evening with Ms. Baham to look for his wallet.
The jury also heard evidence that defendant was in possession of keys to the front door and alarm system of Commercial Discount on May 8, 1985. He possessed these keys because they were on a key chain with the car keys to Joan Baham’s car, which he borrowed several times that day. He returned the keys to Ms. Baham be *798 tween 9:00 and 10:00 that evening. However, the jury also heard evidence that, on May 8, defendant was not the only person who had access to keys to Commercial Discount’s door and alarm system. At least four other people had keys, as well as the cleaning company.
We note that the state was unable to prove when the theft actually occurred. The loss was discovered on the morning of May 9. It was established that defendant did not possess keys to the business after 10:00 p.m. on May 8. Thus, at best, the state proved that on the evening of May 8, 1985, defendant was one of several people who had the opportunity to gain access to Commercial Discount’s safe. The state introduced no physical evidence connecting defendant with the crime. In conclusion, the state failed to prove defendant was the thief. Therefore, there is insufficient evidence to uphold defendant’s conviction.
We need not consider the final assignment of error because of the disposition of the first two assignments of error.
For the foregoing reasons, defendant’s conviction and sentence are reversed, and the defendant is ordered discharged.
CONVICTION AND SENTENCE REVERSED; DEFENDANT DISCHARGED.